## LACKEY SALISBERRY *v.* JOB MARTIN.

**Ejectment—Instructions—Questioin of Law Submitted to the Jury.**
> An instruction "that if the jury believed from the evidence, that at the date of the action begun, the plaintiff was the owner of the land in controversy," is erroneous in that a question of law, as to the ownership of the land was submitted.

**Same.**
> They should have been instructed that if from the evidence certain facts existed (enumerating them) they should find for the plaintiff.

APPEAL FROM FLOYD CIRCUIT COURT.

September 26, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

This is an action in the nature of an ejectment for land conveyed by the coroner of Floyd county to the plaintiff, as purchaser thereof, under several writs of *fi fa* which had been issued against the defendant and others, who refused to surrender possession, and still resists an eviction.

A verdict and judgment having been rendered against appellant, he has appealed to this court, and insists on a reversal on two principal grounds.

First. That more land was sold under the executions than was necessary to make the amount shown to be due to the creditors by the executions, and, 2nd; error in the instructions.

By the execution in favor of Lacky, as appears from an abstract taken from the execution book and used as evidence on the trial, the debt was $156.45, interest from the 7th of January, 1859 till paid, and $1 costs, which seems with his commission, and fee for his levy it was the duty of the officer by the command of the writ to make, and it appears by the return of the officer that he sold the land in controversy on the 10th of October, 1859, and sold enough to produce on that writ, $195.63.

To debt of $156.45 add costs, $1, making........$157.45

Interest to the 10th Oct., nine months and three

days ................................. 7.16

Sheriff's commission ....................... 8.23

For levy, &c. ............................. .50

Making in all this sum .................... $173.34

But the clerk's abstract shows that the officer makes by a sale of the land, $22.29 in excess of the sum required to be made. Without having entire confidence in our arithmetic, the foregoing seems to us correct, and if it be so, the officer exceeded his authority and as has been repeatedly held, it would vitiate and set aside the sale. But as the judgment must be reversed on another ground, that question can be more accurately tested on a subsequent trial.

By instruction No. 1, the jury were told by the court, that if they believed from the evidence that at the date of the institution of the suit the plaintiff was the *"owner"* of the land described in the petition, and the defendants, or either of them, were in the possession of any part of said land, such possession was wrongful, and the jury will find for the plaintiff against such, defendant, or defendants. Whether the plaintiff was the *owner* of the land was a question of law for the court to decide, and should not have been submitted to the jury, as was done by the instruction, but they should have been told if they believed from the evidence that certain facts existed, which should have been enumerated, they would find for the plaintiff.

The third instruction is obnoxious to a like objection; in it the jury are made judgse of whether the land is the property of plaintiff and whether the defendants are in the wrongful possession of it, instead of being the tryers of certain facts which the court should have told thèm if they found from the evidence to exist, would entitle the plaintiff to recover damages.

For the foregoing errors the judgment is- reversed, and the cause is remanded for a new trial and for further proceedings consistent herewith.

*John Harkins, for appellant.*

*James for appellee.*